# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **AZAMAT ZHANABAYEV,** | |
| **Plaintiff,** | **4:25CV3031** |
| vs. | **ORDER TO SHOW CAUSE** |
| **LOREN K. MILLER, Director USCIS Nebraska Service Center,** | |
| **Defendant.** | |

On May 19, 2025, the Court entered an Order to Show Cause requiring Plaintiff "to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or take other appropriate action" by June 16, 2025. (Filing No. 6). The Court explained that Plaintiff had not demonstrated proper service upon the defendant under Fed. R. Civ. P. 4(i) because the summons return only indicated that the individual attempting to serve process was advised that "Loren K. Miller did not work in their office [in Omaha]" and the "address on the summons was in Lincoln, Nebraska." (Filing No. 6; see also Filing No. 5). On June 10, 2025, Plaintiff timely filed a response to the Court's Order (Filing No. 8) and an "Affirmation of Mailing" document purporting to show Defendant, Loren Miller, was served with the Summons and Complaint at 850 S Street, USCIS Nebraska Service Center, Lincoln, Nebraska by Certified Mail. (Filing No. 7).

While Plaintiff did timely respond to the Court's show cause order, Plaintiff still has not demonstrated proper service of process upon Defendant. Plaintiff's Complaint states this "is a mandamus action to compel the court to review the arbitrary and capricious process by which Defendant USCIS approved, allegedly in error, Petitioner's I-140 Application on August 11, 2022." (Filing No. 1). Defendant, Loren K. Miller, is the director of the USCIS, which is an agency of the United States government. Plaintiff's "Affirmation of Mailing" only states Loren Miller was provided a copy of the summons and complaint by certified mail at the USCIS Nebraska Service Center in Lincoln, Nebraska. But, as previously explained by the Court, "To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States *and* also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i) (emphasis added). To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

   (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). After review, Plaintiff still has not demonstrated service of process of the defendant has been accomplished under Rule 4(i). Accordingly,

**IT IS ORDERED** that Plaintiff shall have until **July 22, 2025,** to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or take other appropriate action. The failure to timely comply with this order may result in dismissal of this action without further notice.

Dated this 1st day of July, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge